IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL S. UPTHEGROVE,

                 OPINION and ORDER

     Petitioner,

                  08-cv-552-slc [1]

   v.

CHARLES TUBBS, PAUL WESTERHAUS,
MR. OURADA, BRUCE SUNDE, SUPERVISOR
BRANDT, SUPERVISOR LEMIER, SUPERVISOR
DUSTY, SUPERVISOR ZEICU, SUPERVISOR
GARR, SUPERVISOR GIERS, YC KRAFT,
YC GERDES, YC RAASCH, YC NEWMAN,
YC WENICK, YC BARNEY, YC NELSON,
YC DEE, YC CHIESIT, YC MACK, YC
KOEHLER, YC JAY BONE, YC MCCALLISTER
and UNIT MANAGER TIMM,

     Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In this proposed civil action for monetary and declaratory relief brought pursuant to 42 U.S.C. § 1983, petitioner Samuel S. Upthegrove alleges that respondents violated his constitutional rights in numerous ways during his confinement at a secure juvenile

---

[1] This case was assigned automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

correctional facility. Petitioner has requested leave to proceed in forma pauperis. In an order entered October 2, 2008, Magistrate Judge Stephen Crocker concluded that petitioner has no means with which to pay an initial partial payment of the filing fee. Dkt. #4.

Petitioner is a prisoner confined at the Waupun Correctional Institution. Because he is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if he has had three or more lawsuits or appeals dismissed for lack of legal merit, or if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, petitioner is also a pro se litigant, which means his complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Unfortunately for petitioner, I cannot consider the merits of his complaint at this time because his pleading violates both Rules 8 and 20 of the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Petitioner's complaint is relatively short. However, it fails to give the 24 individual respondents notice of what they are alleged to have done to violate petitioner's constitutional rights.

In his complaint, petitioner contends that his constitutional rights were violated in numerous ways. For example, he contends that 1) respondents Supervisor Brandt, YC Kraft and YC Gerdes used excessive force against him on one occasion; 2) he was denied medical

attention; 3) his privacy rights were violated when he was monitored with cameras; 4) he was punished for refusing to work; 5) he was required to listen to loud music; 6) he had to wait an excessive length of time to use a bathroom; 7) he was denied time to "socialize" with other youths; 8) he was denied canteen privileges on a certain behavior level; 9) he was prevented from purchasing or possessing certain personal property; 10) he was given less exercise time while he was studying for his HSED; 11) he was not provided adequate clothing to warm himself during cold weather while he was housed in one cottage where the temperature ranged between 50 and 60 degrees, and in another cottage, he endured temperatures between the upper 90's and lower 100's; 12) he became the victim of a sexual assault because he was required to shower in a room with up to 12 other youths; 13) his incoming and outing personal mail was read; 14) his legal mail was opened and read and on occasion not delivered; 15) he was not allowed to correspond with anyone other than immediate family; 16) he was not provided the administrative rules governing his conduct but was punished with it many times; 17) he was punished for attempting suicide; 18) he was found guilty of an offense and a "lesser-included" offense in violation of state administrative procedure; 19) he was denied access to legal research materials; 20) his grievances were not acknowledged and he was not provided appeal forms; 21) he was punished with room confinement and other "minor penalties" without first receiving process; 22) he was placed in segregation on the word of confidential informants whose names were

3

not divulged to him; 23) he was denied newspapers and other publications; and 24) his funds in his account were taken to pay restitution, in violation of state law.

As is evident, for all but one claim, petitioner fails to identify *who* was involved in the alleged incident or responsible for the alleged wrongdoing. Rule 8 requires such identification. Petitioner cannot name two dozen respondents and then allege that "they" violated his rights for each matter about which he is complaining. He must identify who is involved in or responsible for each incident and how each person was involved or responsible. Because petitioner's complaint does not comply with Rule 8, I must dismiss it without prejudice. Petitioner is free to file an amended complaint that fixes these problems.

In addition, petitioner will have to fix the problems that arise in his complaint under Fed. R. Civ. P. 20. Under Rule 20, petitioner may not include separate claims against separate defendants in a single suit. As the court of appeals held in George v. Smith, 507 F.3d 605 (7th Cir. 2007), petitioner may join separate claims in a single lawsuit only if they are asserted against the same respondent, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all respondents will arise in the action." Fed. R. Civ. P. 20. Thus, a claim that one set of prison officials engaged in excessive force against petitioner on one occasion does not belong in the same lawsuit as a claim that different prison officials refused to pay petitioner's wages, and neither of those claims belongs in the same lawsuit as petitioner's claim that another one or more defendants are reading or opening his mail.

4

Petitioner's Rule 8 violations make it impossible for the court to sort out for him which of the respondents belong in any one or more separate lawsuits. The only advice I can offer petitioner if that if he wishes to raise unrelated claims against different respondents, he will have to file a separate lawsuit for each unrelated claim. In addition, when he drafts his separate complaint, the court and the respondents should be able to answer the following questions:

- What happened to make petitioner believe that a particular constitutional right was violated?
- Who is responsible for the violation? What did each respondent do?
- What does petitioner want the court to do about the matter?

If petitioner files a proposed amended complaint that complies with Rule 8 but has continuing Rule 20 violations, I will sever the separate claims into separate lawsuits. At that point, petitioner will have to decide which of the separate lawsuits he wishes to pursue, on the understanding that he will be required to pay a filing fee and will expose himself to the risk of earning a strike for any claim that fails to state a claim upon which relief may be granted or is legally meritless.

5

ORDER

IT IS ORDERED that

1. Petitioner Samuel S. Upthegrove's request for leave to proceed in forma pauperis in this action is DENIED because his complaint is in violation of Fed. Rs. Civ. P. 8 and 20.

2. Petitioner may have until November 3, 2008, in which to submit a proposed amended complaint that conforms to the requirements of these rules. If, by November 3, 2008, petitioner fails to respond to this order, the clerk of court is directed to close this case for petitioner's failure to prosecute.

3. If, by November 3, 2008, petitioner submits a revised complaint as required by this order, I will take that complaint under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2).

Entered this 21st day of October, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge