IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL S. UPTHEGROVE,

                              OPINION and ORDER

         Petitioner,

                              08-cv-552-slc [1]

    v.

CHARLES TUBBS, PAUL WESTERHAUS,
MR. OURADA, BRUCE SUNDE, TERRY
TIMM, SUPERVISOR BRANDT, YC KRAFT,
YC GERDES, and JOHN DOES 1-26,

         Respondents.[2]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

After petitioner Samuel S. Upthegrove requested leave to proceed in forma pauperis and paid an initial partial filing fee, I reviewed his complaint. Petitioner's first complaint failed to meet the pleading requirements of Fed. R. Civ. P. 8, so I dismissed it without prejudice and told him to try again. In addition, I told petitioner that his original complaint violated Fed. R. Civ.

---

[1] Because the parties have not yet consented to the magistrate judge's jurisdiction to decide dispositive questions in this case, I am ruling on the question whether petitioner may proceed with one or more of the claims raised in his proposed amended complaint.

[2] In his original complaint, petitioner named a different set of respondents, including Supervisor Lemier, Supervisor Dusty, Supervisor Zeicu, Supervisor Garr, Supervisor Giers, YC Raasch, YC Barney, YC Nelson, YC Dee, YC Chiesit, YC Mack, YC Koehler, YC Jaybone and YC McCallistser. In addition, petitioner has identified the respondent originally identified as "Unit Manager Timm" as "Terry Timm." I have amended the caption to reflect the respondents that petitioner identifies in his amended complaint, dkt. #6.

P. 20 because it contained separate claims against different defendants that could not be brought in a single suit.  Now, petitioner has filed a proposed amended complaint that addresses the Rule 8 problems of his original complaint.  However, the amended complaint has the same Rule 20 violations present in his original complaint.  Therefore, petitioner's separate claims will be severed into separate lawsuits and petitioner will have to decide which of the separate lawsuits he wishes to pursue.  For each lawsuit that he pursues he will be required to pay a separate filing fee and may be subjected to a separate strike if any claim in the separate suits fails to state a claim upon which relief may be granted or is legally meritless.

In his amended complaint petitioner alleges the following facts.


## ALLEGATIONS OF FACT

### A.  <u>Parties</u>

Petitioner Samuel S. Upthegrove is a prisoner confined at the Waupun Correctional Institution in Waupun, Wisconsin.  At times relevant to the complaint, petitioner was confined at Lincoln Hills School, a juvenile correctional facility located in Irma, Wisconsin.

Respondent Charles Tubbs is the administrator of the Wisconsin Division of Juvenile Corrections.  The other respondents are employees at the Lincoln Hills School:  Paul Westerhouse is the superintendent; Mr. Ourada is the deputy superintendent; Bruce Sunde is the security director; Terry Timm is the unit manager of Rogers Intake Cottage and Krueger Security Cottage; Supervisor Brandt is a security supervisor; John Doe ##1 and 2 are hearing officers; and YC Kraft, YC Gerdes and John Does 3-26 are youth counselors.

B.  <u>Cell Entry and its Aftermath</u>

On March 19, 2005, respondents Brandt, Kraft, Gerdes and John Does 3-10 were involved in a cell entry of petitioner's cell in the Roosevelt Security Cottage at the Lincoln Hills School.  Some of the staff involved in the cell entry applied an "extreme" amount of downward pressure on petitioner's arms, slammed a metal door into petitioner several times, untethered petitioner and threw him into the corner of his cell with extreme force and kicked petitioner in his legs.  In addition, respondent Gerdes slammed petitioner's head into the wall and put his thumbs behind petitioner's ears and applied "extreme" pressure.  After the cell entry, respondent Gerdes made petitioner kneel naked in the corner of his cell for approximately 60 to 90 minutes and then sit on the metal bed frame.  Petitioner filed a complaint about the incident, but respondent Sunde "coerced" petitioner into believing that no excessive force was used.  Respondents Tubbs, Westerhouse, Ourada and Sunde failed to insure that the respondents involved in the cell entry were properly trained.

C.  <u>The Loud Radio</u>

Throughout petitioner's confinement at the Lincoln Hills School, respondents Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a policy that provided that a radio speaker in petitioner's cell would play music from 6:30 a.m. to 10:30 p.m. daily.  Much of the time the radio speaker in petitioner's cell was very loud.  Petitioner could not turn off the radio and had no control of the station selected or the volume.

D.  Failure to Provide Petitioner with Copy of Disciplinary Code

Respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 failed to provide petitioner access to chapter DOC 373 of the Wisconsin Administrative Code, which governs the juvenile disciplinary process and possible offenses.  As a result, petitioner was placed in segregation at times.

E. Access to Legal Materials and Reference Materials

Respondents Tubbs, Westerhouse, Ourada, Timm and Doe #1 failed to provide petitioner access to legal research and reference materials.

F. Naked Showers

Respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a policy requiring petitioner to shower naked in a shower room with up to 12 other "youths" at a time. As a result, petitioner was subjected to harassment, sexual assault and "exposure of his genitalia to adults."

G.  Room Confinement without Process

Respondents Does ##11-26 punished petitioner with room confinement hours and other minor penalties without affording him due process. Respondents Westerhouse, Ourada, Sunde, Timm and Doe #1 "allowed this to happen."

4

H. Punishment for Confidential Informants

In December 2005, petitioner was placed in security on the basis of statements made by confidential informants alleging that petitioner had sold prescription medication. Respondent Doe #2 did not allow petitioner to see the statements.

I. Newspaper Policy

Respondents Westerhouse, Ourada, Sunde and Doe #1 enforced a policy that prohibited petitioner from possessing newspapers and other publications.

OPINION

Petitioner's complaint raises a laundry list of concerns and troubles that petitioner faced while he was confined as a juvenile at the Lincoln Hills School. The Court of Appeals for the Seventh Circuit recently made it clear that such complaints are unacceptable; district courts have an independent duty to apply the permissive joinder rule stated in Fed. R. Civ. P. 20 to prevent improperly joined parties from proceeding in a single case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)(complaint raising unrelated issues against different defendants "should be rejected" by district court in accordance with Fed. R. Civ. P. 20); see also Fed. R. Civ. P. 21 (court may, at any time, sua sponte add or drop a party or sever claim against party).

Rule 20 prohibits a petitioner from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the petitioner asserts at least one claim to relief against *each* respondent that arises

out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  George, 507 F.3d at 607; 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed. 1978).

Only after the requirements for joinder of parties have been satisfied under Rule 20 may a petitioner use Fed. R. Civ. P. 18 to join any unrelated claims against the multiple defendants or any combination of them.  Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure).  In other words, only once the core set of allowable defendants has been determined under Rule 20 may a petitioner join additional unrelated claims against one or more of those defendants under Rule 18.

In this case, I am persuaded that the pleading must be divided into four separate lawsuits in order to bring it into compliance with Rule 20.  In what I will call Lawsuit #1, petitioner may raise his claims that: (a) on March 19, 2005, respondents Brandt, Kraft, Gerdes, and John Does 3-10 violated his Eighth Amendment rights during a cell entry; and (b) respondents Westerhouse, Ourada, Sunde are liable for that violation for failure to train their employees.

In what I will call Lawsuit #2, petitioner may sue respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 for failing to provide petitioner with access to the Wisconsin Administrative Code before he was punished and sent to segregation.  Pursuant to Rule 18, petitioner may join to this lawsuit his claims that: (a) respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a shower policy that resulted in petitioner being subjected to harassment, sexual assault and exposure of his genitalia to adults; (b) respondents

6

Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a policy that allowed for a radio to play in petitioner's room from 6:30 a.m. to 10:30 p.m.; (c) respondents Westerhouse, Ourada, Sunde, and Doe #1 enforced a policy that prohibited petitioner from possessing newspapers and other publications; and (d) respondents Westerhouse, Ourada, Timm and Doe #1 failed to provide him with access to legal research materials and access to the courts.

In what I will call Lawsuit #3, petitioner may assert his claim that respondents Westerhouse, Ourada, Sunde, Timm and Does ##1 and 11-26 punished him with room confinement without affording him due process.

In what I will call Lawsuit #4, petitioner may raise his claim that respondent Doe #2 did not allow him to see the statements of confidential informants before petitioner was placed in security on the basis of those statements.

In light of George, I may apply the filing fee petitioner paid in this case to only one of the lawsuits I have identified above. Petitioner will have to choose which lawsuit that is. That lawsuit will be the only lawsuit assigned to this case number.

As for the other lawsuits, petitioner has a more difficult choice. He may choose to pursue each lawsuit separately. In that case, he will be required to pay a separate filing fee for each case he pursues. He will not be required to make any initial payment because he presently has no means with which to make the payment, but he will not be relieved of owing the full filing fee for each case. In addition, petitioner may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As petitioner may be

aware, once a prisoner receives three strikes, he is not able to proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. 28 U.S.C. 1915(g).

Alternatively, petitioner may choose to dismiss any or all of his remaining lawsuits voluntarily. If he chooses this latter route, petitioner will not owe additional filing fees or face strikes for those lawsuits. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so petitioner would be able to bring it at another time.

Petitioner should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits identified above. Once petitioner identifies the suits he wants to continue to litigate, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). Because petitioner faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

## ORDER

IT IS ORDERED that

1. Respondents Supervisor Lemier, Supervisor Dusty, Supervisor Zeicu, Supervisor Garr, Supervisor Giers, YC Raasch, YC Barney, YC Nelson, YC Dee, YC Chiesit, YC Mack, YC Koehler, YC Jaybone and YC McCallistser are DISMISSED from this case.

2. Petitioner Samuel S. Upthegrove may have until November 10, 2008, in which to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case.

3. Petitioner may have until November 10, 2008, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

4. For any lawsuit that petitioner dismisses voluntarily, he will not owe a filing fee.

5. For each lawsuit that petitioner advises the court he intends to prosecute, (other than the one petitioner chooses to keep assigned to this case number) he will owe a separate $350 filing fee, but he will not be assessed an initial partial payment because he presently has no means with which to make such a payment.

6. If, by November 10, 2008, petitioner fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists without prejudice for petitioner's failure to prosecute.

Entered this 6th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

9