IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL S. UPTHEGROVE,

                Petitioner,

      v.

CHARLES TUBBS, PAUL WESTERHOUSE,
MR. OURADA, BRUCE SUNDE, TERRY
TIMM, JOHN DOE #1,

                Respondents.

OPINION and ORDER

08-cv-552-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Earlier in this lawsuit, petitioner Samuel S. Upthegrove asked for leave to proceed in forma pauperis and paid an initial partial filing fee.  When I reviewed his complaint. however, I concluded that it violated Fed. R. Civ. P. 8, so I dismissed it without prejudice and told him to try again.  Petitioner then submitted a proposed amended complaint.  In this pleading, petitioner cured the Rule 8 violations, but included four unrelated claims against unrelated respondents, which is a violation of Fed. R. Civ. P. 20.  For that reason, in an order dated November 7, 2008, I asked petitioner to choose which one of the four

_____

      [1]Because the parties have not yet consented to the magistrate judge's jurisdiction to decide dispositive questions in this case, I am ruling on the question whether petitioner may proceed with one or more of the claims raised in his proposed amended complaint.

independent claims he would like to pursue in the context of this case and which, if any, he would like to pursue in a separate lawsuit subject to separate filing fees and potential strikes. Petitioner filed a response to the November 7 order on November 12, 2008, stating that he wished to pursue in this action the claims identified as "Lawsuit #2" and that he wished to proceed in a separate lawsuit with the claims identified as "Lawsuit #1." Finally, he stated that he would dismiss voluntarily the claims identified as "Lawsuit 3" and "Lawsuit 4." Now, Lawsuits ##3 and 4 have been dismissed and Lawsuit #1 has been assigned a separate case number.

Therefore, in this order, I will screen petitioner's claims that were identified as "Lawsuit #2," which include the following claims:

(a) respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 failed to provide petitioner with access to the Wisconsin Administrative Code before he was punished and sent to segregation;

(b) respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a shower policy that resulted in petitioner being subjected to harassment, sexual assault and exposure of his genitalia to adults;

(c) respondents Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a policy that allowed a radio to play in petitioner's room from 6:30 a.m. to 10:30 p.m.;

(d) respondents Westerhouse, Ourada, Sunde, and Doe #1 enforced a policy that prohibited petitioner from possessing newspapers and other publications; and

(e) respondents Westerhouse, Ourada, Timm and Doe #1 failed to provide him with access to legal research materials and access to the courts.

Because petitioner is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny him leave to proceed if his complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). In screening petitioner's complaint, I must read the allegations generously because he is a pro se litigant. Haines v. Kerner, 404 U.S. 519, 521 (1972).

Petitioner will be granted leave to proceed on one claim, his claim that respondents Westerhouse, Ourada, Sunde, and Doe #1 enforced a policy that prohibited petitioner from possessing newspapers and other publications. At this early stage it is possible to infer that respondents restricted petitioner's access to incoming materials and did not have a legitimate basis for imposing that restriction; therefore, petitioner has stated a First Amendment claim against respondents Westerhouse, Ourada, Sunde, and Doe #1. As to petitioner's other claims, they must be dismissed for failure to state a claim upon which relief may be granted.

In his complaint petitioner alleges the following facts.

3

ALLEGATIONS OF FACT

A.  <u>Parties</u>

Petitioner Samuel S. Upthegrove is a prisoner confined at the Waupun Correctional Institution in Waupun, Wisconsin.  At times relevant to the complaint, petitioner was confined at Lincoln Hills School, a juvenile correctional facility located in Irma, Wisconsin.

Respondent Charles Tubbs is the administrator of the Wisconsin Division of Juvenile Corrections.  The other respondents are employees at the Lincoln Hills School:  Paul Westerhouse is the superintendent; Mr. Ourada is the deputy superintendent; Bruce Sunde is the security director; Terry Timm is the unit manager of Rogers Intake Cottage and Krueger Security Cottage; John Doe #1 is a hearing officer.


B.  <u>Failure to Provide Petitioner with Copy of Disciplinary Code</u>

Petitioner was expected to comply with the rules found in chapter DOC 373 of the Wisconsin Administrative Code, which governs the juvenile disciplinary process and possible offenses.  When petitioner violated the rules, he was subject to discipline, including placement in a security cottage.  Petitioner was provided less than bare necessities in a security cottage, which caused him "much stress."  Respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 failed to provide petitioner access to chapter DOC 373.

4

C. <u>Shower Policy</u>

Respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a policy requiring petitioner to shower naked in a room with up to 12 other "youths" at a time. Some of these "youths" were over the age of 17, and as old as in their early 20's. The room provided no privacy for petitioner. He "was the victim of a sexual assault and much harassment in the shower room."

D. <u>The Loud Radio</u>

Throughout petitioner's confinement at the Lincoln Hills School, respondents Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a policy that provided that a radio speaker in petitioner's cell would play music from 6:30 a.m. to 10:30 p.m. daily. Much of the time the radio speaker in petitioner's cell was very loud, which hurt petitioner's ears and exacerbated his mental illness. Petitioner could not turn off the radio and had no control of the station selected or the volume.

E. <u>Newspaper Policy</u>

Respondents Westerhouse, Ourada, Sunde and Doe #1 enforced a policy that prohibited petitioner from possessing newspapers and other publications.

5

F. Access to Legal Materials and Reference Materials

Respondents Tubbs, Westerhouse, Ourada, Timm and Doe #1 failed to provide petitioner access to legal research and reference materials.

OPINION

A. Failure to Provide Legal Materials

Petitioner raises two related claims regarding respondents' failure to provide legal materials: that respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 failed to provide him access to chapter DOC 373 of the Wisconsin Administrative Code and that respondents Tubbs, Westerhouse, Ourada, Timm and Doe #1 failed to provide him access to legal research and reference materials.

Petitioner contends that respondents' failure to provide him access to chapter DOC 373 resulted in his placement in segregation and thus violated his due process and Eighth Amendment rights. I disagree. As for the due process claim, it is dubious that process is even due in these circumstances. Holly v. Woolfolk, 415 F.3d 678, 679 (7th Cir. 2005) ("being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process"). However, even assuming process were due before petitioner was placed in segregation, the due process clause does not require as part of that process that a prisoner be given a copy of the operative administrative law before

6

punishment; at most, petitioner was entitled to notice of the charge against him and an opportunity to be heard, as well as the reasons for an adverse decision.  Wilkinson v. Austin, 545 U.S. 209, 228-29 (2005) (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979), and Hewitt v. Helms, 459 U.S. 460 (1983)).

Likewise, petitioner's Eighth Amendment claim fails to pass muster.  Petitioner's conclusory statement that he was provided "less than bare necessities" that caused him "much stress" in the security cottage cells is too vague to put respondents on notice of an alleged constitutional violation or allow the court to analyze his claim.  Because I have already explained the requirements of Rule 8 once to petitioner and allowed him one opportunity to amend his complaint to give notice to respondents, I will dismiss petitioner's vague and conclusory Eighth Amendment claim.

Next, petitioner contends that respondents Tubbs, Westerhouse, Ourada, Timm and Doe #1 violated his right of access to the courts by failing to provide him with legal research and reference materials.  Inmates are entitled to "meaningful" access to the courts, which may include access to a law library or legal resources.  Bounds v. Smith, 430 U.S. 817, 823 (1977).  However, this does not mean prisoners have an absolute right to a law library or legal resources.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  To state a claim of denial of access to the courts, petitioner must allege facts from which an inference can be drawn that the denial of access caused him an "actual injury," Lewis, 518 U.S. at 349, and that injury

7

must be related to a "separate and distinct right to seek judicial relief of some sort." Christopher v. Harbury, 536 U.S. 403, 415 (2002). At a minimum, a complaint alleging a denial of access to the courts must describe an underlying cause of action and how it has been lost or impeded. Id. Petitioner's complaint does nothing of the sort; therefore, this claim must be dismissed.


B. Shower Policy

Petitioner's next claim is that respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 enforced a policy that required him to shower with slightly older inmates, which ultimately exposed him to harassment and a sexual assault and denied him privacy. This claim fails to state a claim upon which relief may be granted. There is no basis in the complaint for inferring that respondents had any reason to believe that petitioner was exposed to a "substantial risk" of sexual assault when they required him to shower with others. Brown v. Budz, 398 F.3d 904, 911 (7th Cir. 2005) (Eighth Amendment failure to protect claim requires knowledge of a "heightened risk" of serious harm). As for petitioner's claim that his right to privacy was violated, such a concern does not become a constitutional violation under the circumstances described (near adults forced to shower with adults in a prison setting). Therefore, petitioner's claim that respondents Tubbs, Westerhouse, Ourada,

8

Sunde, Timm and Doe #1 violated his constitutional rights by enforcing a policy that required him to shower with others will be dismissed.

## C. The Loud Radio

Next, petitioner alleges that respondents Westerhouse, Ourada, Sunde, Timm and Doe #1 violated his Eighth Amendment rights by enforcing a policy that required him to listen 16 hours a day to loud music coming from a speaker in his cell over which he had no volume control.  He says that much of the time, the music hurt his ears and exacerbated his mental illness.

The Eighth Amendment does not protect prisoners from every annoyance, including unwanted noise, where such noise "merely annoy[s], rather than injure[s] the prisoner." Lunsford v. Bennett, 17 F.3d 1574, 1580 (7th Cir. 1994).  Here, it is possible to infer, if only barely, that petitioner may have been "injured" by his constant exposure to music not of his choosing, both because it hurt his ears and because it exacerbated his mental illness.  However, to state an Eighth Amendment claim, plaintiff must go further than simply pointing to something that prison officials supported that ultimately caused him injury.  Petitioner must allege facts from which an inference can be drawn that (a) he was subjected to a substantial risk of serious harm; (b) respondents were aware of that risk; and (c) failed to take reasonable measures to abate it.  Brown, 398 F.3d at 910-911 (7th Cir. 2005); see

9

also <u>Farmer v. Brennan</u>, 511 U.S. 825, 847 (1994); <u>Peate v. McCann</u>, 294 F.3d 879, 882 (7th Cir. 2002).  Even assuming that petitioner's long-term exposure to a loud radio was sufficiently grave to expose him to "serious" physical or psychological injury, it is not plausible to infer from respondents' mere "enforcement of the policy" that they were aware of a risk that petitioner would be seriously harmed by the radio policy.  Rule 8 requires as much.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1974 (2007) (Rule 8 requires that "[f]actual allegations . . . be enough to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face.").  Petitioner has had an opportunity to satisfy the requirements of Rule 8 and has failed to provide sufficient details to allow a plausible inference that the respondents named were deliberately indifferent.  Therefore, petitioner's claim that respondents Westerhouse, Ourada, Sunde, Timm and Doe #1 violated his Eighth Amendment rights by enforcing a radio policy will be dismissed with prejudice.

### D.  <u>Newspaper Policy</u>

Finally, petitioner alleges that respondents Westerhouse, Ourada, Sunde and Doe #1 violated his First Amendment rights by enforcing a policy that prohibited him from possessing newspapers and other publications.  The Supreme Court has recognized that inmates retain a limited constitutional right to receive and read materials that originate

10

outside the prison.  E.g., Thornburgh v. Abbott, 490 U.S. 401 (1989); Turner v. Safley, 482

U.S. 78 (1987); Procunier v. Martinez, 416 U.S. 396 (1974); Pell v. Procunier, 417 U.S.

817 (1974).  Inmates' rights to receive and read materials from outside the prison are limited

by Turner v. Safley, 482 U.S. 78, 98 (1987), which allows prisons to restrict a prisoner's

First Amendment right to free speech if such a restriction is "reasonably related to legitimate

penological interests."   At this early stage, it is not possible to determine whether

respondents' enforcement of the alleged policy was "reasonably related to legitimate

penological interests" under Turner.  Therefore, petitioner will be allowed to proceed on his

claim that respondents Westerhouse, Ourada, Sunde and Doe #1 violated his First

Amendment rights by enforcing a policy that prevented him from receiving newspapers and

other publications.

ORDER

IT IS ORDERED that

1.  Petitioner Samuel S. Upthegrove request for leave to proceed in forma pauperis

is GRANTED as to his claim that respondents Westerhouse, Ourada, Sunde and Doe #1

violated his First Amendment rights by enforcing a policy that prevented him from receiving

newspapers and other publications.

2.  Petitioner's request for leave to proceed in forma pauperis is DENIED as to his

claims that:

11

a. respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 violated his due process and Eighth Amendment rights by failing to provide him access to chapter DOC 373 of the Wisconsin Administrative Code;

b. respondents Tubbs, Westerhouse, Ourada, Timm and Doe #1 violated his right to access to the courts by failing to provide him access to legal research and reference materials;

c. respondents Tubbs, Westerhouse, Ourada, Sunde, Timm and Doe #1 violated his Eighth Amendment rights by enforcing a policy that required him to shower with others and ultimately exposed him to sexual assault and "exposure of his genitalia to adults"; and

d. respondents Westerhouse, Ourada, Sunde, Timm and Doe #1 violated his Eighth Amendment rights by enforcing a policy that subjected petitioner to nearly constant loud noise

3. For the remainder of this lawsuit, petitioner must send respondents a copy of every paper or document that he files with the court. Once petitioner has learned what lawyer will be representing respondents, he should serve the lawyer directly rather than respondents. The court will disregard any documents submitted by petitioner unless petitioner shows on the court's copy that he has sent a copy to respondent or to respondent's attorney.

12

4. Petitioner should keep a copy of all documents for his own files.  If petitioner does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

5.  Petitioner is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).  This court will notify the warden at the Waupun Correctional Institution of that institution's obligation  to deduct payments until the filing fee has been paid in full.

6. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint, the Rule 20 order severing petitioner's claims and this order are being sent today to the Attorney General for service on the state defendants.

7. Petitioner's complaint is DISMISSED as to respondents John Does ##2 and 11-26.

8. Because I have dismissed a portion of petitioner's complaint for one of the reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against petitioner.

Entered this 17th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

13