IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL S. UPTHEGROVE,

                 OPINION and ORDER

     Plaintiff,

                 08-cv-552-slc[1]

  v.

PAUL WESTERHOUSE, MR. OURADA,
BRUCE SUNDE, and MARK BYE,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  In this civil action brought pursuant to 42 U.S.C. § 1983, plaintiff Samuel S. Upthegrove has been granted leave to proceed in forma pauperis on his claim that defendants Paul Westerhouse, Mr. Ourada, Bruce Sunde and Mark Bye violated his First Amendment rights by enforcing a policy that prevented him from receiving newspapers and other publications while he was incarcerated at the Lincoln Hills School, a juvenile correctional facility. Now defendants Westerhouse, Ourada and Sunde have filed an early motion for summary judgment on their defense that plaintiff has failed to exhaust his

---

[1]After the parties consented to the magistrate judge's jurisdiction, Mark Bye was named as a defendant. Defendant Bye has yet to be served and has not had an opportunity to decide whether to consent to the magistrate judge's jurisdiction. Therefore, for the limited purpose of addressing the parties' current disputes, I am assuming jurisdiction of the case.

administrative remedies. Plaintiff opposes defendants' motion and has filed motions to strike defendants' summary judgment materials and for leave to file a surreply in opposition to defendants' motion for summary judgment, dkt. ##41, 44.

Defendants' motion for summary judgment will be granted and plaintiff's motions to strike and to file a surreply brief will be denied. Defendants' motion for summary judgment will be granted because although the parties dispute whether plaintiff ever filed a grievance related to his claims against defendants, plaintiff has admitted that he did not appeal his grievance and does not attempt to dispute that the form he used to file a grievance advised him that he could appeal if he did not receive a response to his grievance. Plaintiff's motions to strike defendants' summary judgment materials for failure to comply with this court's rules will be denied because defendants' failure to follow the rules was harmless. Finally, although defendants submitted new facts in their reply, plaintiff's motion to file a surreply will be denied because plaintiffs does not seek to challenge those facts, but instead asks only to argue irrelevant legal issues.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court, which requires a prisoner to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005) (citing Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)). To satisfy exhaustion requirements, the prisoner must give the prison grievance system "a fair opportunity to consider the grievance," which requires that the

2

complainant "compl[y] with the system's critical procedural rules," Woodford v. Ngo, 548 U.S. 81, 95 (2006) and that the grievance "contain the sort of information that the administrative system requires." Strong v. David, 297 F.3d 646, 649 (7th Cir. 2002). At a minimum, the plaintiff must "alert[] the prison to the nature of the wrong for which redress is sought." Id. Section 1997e(a) requires more than simply notifying the prisoner grievance system once; a prisoner must take any administrative appeals available under the administrative rules. Burrell, 431 F.3d at 284-85. Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006); Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

Plaintiff's claim arises from incidents that occurred while he was a "youth" incarcerated at Lincoln Hills School. The administrative grievance system for "youth" prisoners in facilities such as Lincoln Hills School is set out in Wis. Admin. Code ch. DOC 380. Under these provisions, youth prisoners start the complaint process by first discussing the problems with a social worker or youth counselor, then filing a complaint in writing with a complaint mediator (in limited instances not applicable here, a youth may file a complaint directly with the superintendent, Wis. Admin. Code. § DOC 380.04(4)(b)). Wis. Admin. Code § DOC 380.04(4). A complaint mediator is required to investigate and mediate complaints from youths and attempt to resolve them informally. Id., §§ DOC 380.05(5), DOC 380.06(1). If that does not work, the complaint mediator is required to prepare a written report proposing a resolution.

3

Id., DOC 380.06(2). The mediator's recommendation is provided to the superintendent, who is to issue a reasoned decision within seven days. If she does not, the mediator's recommendation is affirmed automatically. Id., DOC 380.07(1). A youth may appeal the superintendent's decision to the administrator. Id., DOC 380.07(3).

In support of their motion for summary judgment, defendants contend that plaintiff never submitted any request to purchase any publications or filed a grievance pursuant to Wis. Admin. Code ch. DOC 380 related to his concern that defendants' policy prevented him from receiving certain publications. Defendants submit the affidavit of defendant Westerhaus, who testifies that plaintiff filed only three complaints, none of which related to his current claim for denial of publications.

In his opposition brief, plaintiff does not deny that the three complaints that defendants identify do not relate to his current claim. Nevertheless, he argues that defendants' motion for summary judgment should be denied because: (1) the administrative remedies under ch. DOC 380 were not "available" to plaintiff to challenge defendants' publication policy because that policy is an "administrative rule of the department" under § DOC 380.02(1)(j) that is beyond the subject matter of ch. DOC 380 complaints; (2) plaintiff was not provided access to the Wisconsin Administrative Code and could not be expected to have known that he could file a grievance in this situation; and (3) plaintiff *did* file a proper grievance.

Plaintiff's three arguments are in tension. To the extent plaintiff is arguing that administrative remedies were not "available" because he was not aware that he could file a

4

complaint, either because he thought the challenge was barred by § DOC 380.02(1)(j) or because he did not have the administrative code, those arguments have been undermined by his statement that he *did* file the grievance. Any possible confusion created by § DOC 380.02(1)(j) or plaintiff's alleged inability to read the text of the rules did not prevent plaintiff from filing a grievance.

Nonetheless, it is still possible for plaintiff to argue that, regardless whether he filed a grievance, § DOC 380.02(1)(j) would not have allowed it. However, § DOC 380.02(1)(j)'s bar on grievances challenging an "administrative rule of the department" does not bar grievances of the sort that plaintiff has. Plaintiff challenges not an "administrative rule of the department," but rather a policy of the institution, Lincoln Hills School procedure number 7.10. The regulations distinguish the two, defining "department" to mean "the department of corrections" and "institution" to mean "type 1 secured correctional facility." Wis. Admin. Code §§ DOC 380.03(4) and (6). Thus, § DOC 380.02(1)(j) does not apply to institutional policies, only to rules set out by the Department of Corrections.

This leaves plaintiff's declaration that he did file a complaint. Plaintiff submits a declaration in which he declares under penalty of perjury that he filed a complaint on Youth Complaint Form DOC-2051, complaining that it was a violation of his rights to have available only a short list of publications and not have an opportunity to receive publications ordered by his family, but the complaint "was never acknowledged." Plt.'s Decl., dkt. #29, at 3. Plaintiff explains that he does not have a copy of this complaint because "LHS does not provide a means

5

to make copies." Id. Plaintiff's averment is suspicious in light of his other arguments, but at this point, I must take it at face value; it is enough to create a factual dispute regarding whether he ever filed a proper grievance.

At the same time, plaintiff does not suggest he ever attempted to appeal the grievance after he received no response. In reply, defendants submit copies of the Youth Complaint Form DOC-2051, the standard form plaintiff says he used to file the complaint. On page two, the form states in a box with the heading "NOTICE TO YOUTH" that "[i]f the youth does not receive a Completed Mediator's Report . . . within 14 days of submitting this form, the youth may complete an Appeal to the Administrator . . . form and send it to" the administrator. (It also explains the appeal procedure available to youths who have filed direct complaints to the superintendent that go unanswered.) In later filings, plaintiff admits that he failed to appeal from his unanswered grievance, dkt. #45, at 5, and does not deny that his form contained this notice, but argues nonetheless that he should be allowed an opportunity to file a surreply to oppose defendant's reply.

Plaintiff does not seek to challenge any of the additional facts submitted by defendants, only an opportunity to "show that the youth complaint procedures were/are misleading and confusing." The arguments he provides on this matter are related to the question whether he should have known to file at all (for example, he argues that a juvenile should not be expected to know the difference between an "administrative rule" and a "policy," referring to his confusion regarding the meaning of § DOC 380.02(1)(j)). However, this issue has become

6

irrelevant in light of plaintiff's declaration that he *did* file a complaint, despite the confusion. On the issue of his failure to appeal, plaintiff says only that he "had no idea that the defendants would argue that his failure to appeal from his unanswered grievance would mean he failed to exhaust his administrative remedies" and states mysteriously that if he could file a surreply, he would argue that his complaint was "not appealable." Dkt. #45, at 5.

Although defendants included new facts in their reply brief and plaintiff has asked for an opportunity to file a surreply, he has failed to provide any good reason to grant that motion. He concedes that he did not appeal and does not suggest that he would challenge any other relevant fact introduced at the surreply stage, including the fact that his grievance form included information explaining how he could appeal if he failed to receive a timely response to the grievance. As for plaintiff's argument that he was surprised he should not be surprised that defendants would expect him to take advantage of the procedure for appealing grievances that do not receive a response because that procedure was set out on the very form he used to file his grievance. Because plaintiff does not take issue with any of the new facts submitted in defendants' reply and has not suggested any relevant argument he might make or fact he might submit to oppose defendants' new materials, I am not persuaded that allowing plaintiff to file a surreply would be helpful or necessary to resolving the question before the court. Therefore, plaintiff's motion for leave to file a surreply will be denied.

In his motions to strike defendants' summary judgment materials, plaintiff makes two arguments. In his first motion, he points out defendants' failure to follow the court's rules by

filing proposed findings of fact in the case *twice* even though they are not required in the context of early summary judgment motions for failure to exhaust. Defendants concede that they made a mistake, and that the proposed findings of fact should not be considered (they were not), but contends that the court should still consider their briefs and affidavits to determine the issues. I agree. Although plaintiff takes issue with allowing these materials because the briefs make reference to the proposed findings of fact, this mistake creates no prejudice or difficulty because defendant submitted only two affidavits, each of single-digit page length. To the extent the court or plaintiff had to skim the affidavits to find the relevant facts, it was no more than would be expected in this setting (hence the new rule not requiring proposed findings of fact). Therefore, plaintiff's first motion to strike will be denied. Dkt. #41.

Plaintiff argues in his second motion that defendants' reply brief was untimely because the preliminary pretrial conference order required generally that reply briefs be filed within seven days of receiving a brief in opposition and defendants took at least eight days to file their reply brief (they received plaintiff's opposition materials at the latest on March 5, 2009 but did not file a reply until March 13, 2009). The problem with plaintiff's argument is that the general seven-day reply brief schedule did not apply to defendant's reply brief because a more specific order had later set the briefing schedule for defendant's motion for summary judgment, allowing defendants until March 13, 2009 in which to file their reply. I note, however, that defendant's brief would have been timely even if the general seven-day rule had applied. Under Fed. R. Civ. P. 6(a), weekends are not counted when counting time periods shorter than 11 days, nor is the

day of the "event," and because defendants received service by mail, they would be entitled to three additional days to file under Fed. R. Civ. P. 6(d). Thus, even if defendants had received plaintiff's opposition materials the same day they were mailed, defendants would have had until March 16, 2009 in which to reply. Because defendant's reply was timely, I will deny plaintiff's second motion to strike, dkt. #44.

From the record, I conclude that plaintiff failed to exhaust the administrative remedies available to him. Even if he filed a grievance and received no response as he says he did, he failed to appeal that grievance despite the fact that the form he used to file a grievance instructed him to appeal if he received no response. Therefore, defendant's motion for summary judgment will be granted and plaintiff's claims against the moving defendants will be dismissed.

One final matter requires resolution. Defendant Bye did not join this motion for summary judgment because he has not even been served yet. Nonetheless, on the court's own motion, I will dismiss plaintiff's claims against him as well. Plaintiff could not hope to prevail against defendant Bye, who would be certain to assert the same defense that plaintiff failed to exhaust his administrative remedies. The "law of the case" doctrine would make dismissal a forgone conclusion. Cf. Gleash v. Yuswak, 308 F.3d 758, 761 (7th Cir. 2002) (court may invoke affirmative defense of preclusion even before defendant is served if it is apparent from complaint and other documents in court's files that preclusion would apply).

ORDER

9

IT IS ORDERED that:

1. Plaintiff Samuel S. Upthegrove's motions to strike and file a surreply, dkts. ## 41 and 44, are DENIED.

2. The motion for summary judgment filed by defendants Paul Westerhouse, Mr. Ourada and Bruce Sunde, dkt. #20, is GRANTED and plaintiff's claims against them are DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies with respect to his claims against them.

3. On the court's own motion, plaintiff's claim against defendant Mark Bye is DISMISSED without prejudice for plaintiff's failure to exhaust his administrative remedies with respect to his claim against defendant Bye.

4. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 6th day of April, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

10